# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

September 30, 2015

Lyle W. Cayce
Clerk

No. 14-20569

SYED RIZVI; SHAHEEN FATIMA; AMBER FATIMA;
ADVANCED MEDICAL AUTOMATION SYSTEMS, INCORPORATED,

Plaintiffs - Appellants

v.

DEPARTMENT OF HOMELAND SECURITY, through Its Secretary Jeh
Johnson; UNITED STATES OF AMERICA, through the Attorney General Eric
H. Holder Jr.; UNITED STATES CITIZENSHIP & IMMIGRATION
SERVICES, through Its Director Leon Rodriguez,

Defendants - Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:12-CV-3362

Before STEWART, Chief Judge and JONES and GRAVES, Circuit Judges.

PER CURIAM:*

In this appeal from the district court's upholding an adverse agency determination on an I-140 immigrant visa petition, the immigrant's employer, Advanced Medical Automation Systems ("AMAS"),  and the employee Syed Rizvi and his family raise three contentions.  First, they assert that the agency abused its discretion by failing to consider relevant evidence.  Second, they

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

assert that the regulation requiring the employer to consistently maintain the ability to pay the "prevailing wage" to the immigrant, 8 C.F.R. § 204.5(g)(2), is *ultra vires*. Third, they assert that the district court erred in denying standing to Rizvi and his family. We find no reversible error of fact or law and affirm.

The district court's thorough opinion addressed the legal background and facts at some length, and our conclusions are additionally informed by the briefing, pertinent portions of the record, and the oral argument. Appellants' primary contentions can be readily addressed.[1]

Appellants argue that the USCIS, acting through its Administrative Appeals Office ("AAO") acted arbitrarily and unreasonably when it found AMAS did not have the ability to pay Rizvi the proffered wage.[2] They contend in part that the agency ignored its internal procedures by failing properly to apply the "Yates memorandum," which directed personnel to "make a positive ability to pay determination . . . .[when] the record contains credible verifiable evidence that the petitioner not only is employing the beneficiary but also has paid or is currently paying the proffered wage." (Yates was USCIS's Associate Director of Operations at one time.) We assume *arguendo* that the Yates memo, contrary to its express language, could furnish legal support for Appellants' position. Under the Appellants' interpretation, if an employer pays the proffered wage in one of ten years, the Yates memo requires a positive ability to pay determination regardless of how long the visa application is

---

[1] It is unnecessary to opine on whether the district court erred in its standing determination, because the ability of AMAS to prosecute this case resolves the issue. *Clinton v. City of New York*, 524 U.S. 417, 431 n.19 (1998). It is also unnecessary to address other issues raised by Appellants.

[2] To the extent Appellants now contend that the agency imposed on them an improper burden of proof, amounting to beyond a reasonable doubt, their contention is waived because it was never addressed to the trial court. In any event, the AAO decision plainly decides that the petitioner failed to meet its burden by a preponderance of the evidence to show that it had the continuing ability to pay the prevailing wage beginning on the priority date.

pending.  This reading is overly broad, as the memorandum speaks to the determination required for an individual year, *i.e.* the year in which the proffered wage was paid.  Based on the narrower but more reasonable reading, which the agency has consistently followed, AMAS paid Rizvi a prevailing wage from 2008-2011 but not from 2003-2007.

Moving to the determination that AMAS did not have the consistent ability to pay Rizvi, Appellants take issue here, as they did in the trial court, with the agency's consideration of and findings based upon virtually all the evidence.  In particular, they assert that the agency did not consider AMAS's bank statements, while its reliance on tax returns, net income and net current assets gave an incomplete picture of the company's ability to pay.  They do not assert that the agency was wrong in calculating an inability to pay by comparing AMAS's annual net income and net assets with the necessary prevailing wage.  Moreover, the bank statements do not make up for the shortfalls because they are mere snapshots of cash available on a given date rather than a depiction of ongoing assets.  The bank statements were also incomplete.  Finally, the Appellants did not assert that the bank statements show additional money that was unaccounted for in AMAS's tax returns.  The agency cited these concerns when it decided that the bank statements were not probative.  The agency did consider the bank statements and explained why it did not find them probative.  Like the district court, we cannot conclude that its decision was arbitrary, capricious or irrational.

Appellants' final contention is that the regulation that requires an employer to demonstrate its ongoing ability to pay the prevailing wage is *ultra vires* of the statute, which provides that "[a]ny employer desiring and intending to employ . . . an alien entitled to classification under . . . 1153(b)(3) . . . may file a petition with the attorney general for such classification."  The regulation in question, 8 C.F.R. § 204.5(g)(2), allegedly impermissibly expands on this

No. 14-20569

provision by adding requirements of an employer's ability to pay from the priority date until the petition is granted and by restricting what evidence is probative.    Assuming *arguendo* that this issue need not have been administratively exhausted, the contention fails.  Other provisions of the INA, *e.g.* 8 U.S.C. §§1182(a)(5)(A) (requiring DOL certification, *inter alia*, that an alien's wages will not adversely affect the wages of similarly situated U.S. workers), and 1103(a)(3) (Secretary of Homeland Security authorized to promulgate regulations and perform other acts deemed necessary for carrying out his authority), also bear on the propriety of the regulation.  Viewed in the proper context, the challenged regulation serves purposes in accord with the statutory duty to grant immigrant status only where the interests of American workers will not be harmed; showing the employer's ongoing ability to pay the prevailing wage is one reasonable way to fulfill this goal.  The regulation is neither arbitrary and capricious nor manifestly contrary to statute.  *Orellana-Monson v. Holder*, 685 F.3d 511, at 517 (5th Cir. 2012).

The judgment of the district court is **AFFIRMED**.